## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | |
|---|---|
| KENDRICK THOMPSON, ) | |
| ADC # 97214 ) | |
|     Petitioner, ) | **Case No. 5:13-CV-00183 SWW-JTK** |
| v. ) | |
| ) | |
| RAY HOBBS, Director, ) | |
| Arkansas Department of Correction ) | |
|     Respondent. ) | |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a

1

  hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## Discussion

  Petitioner, an inmate in the Arkansas Department of Correction, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1). He has also filed a Motion for Joinder of Parties and a Motion for Service. (Doc. Nos. 8, 9). Those motions are DENIED.

  The Court has conducted its preliminary review in accordance with Rule 4 of the Rules Governing Habeas Cases and found that the present action should be dismissed for several reasons.[1] First, the use of § 2241 appears to be an attempt to avoid 28 U.S.C. § 2254's successive petition requirements. Petitioner previously sought habeas relief in 2007, but that petition was dismissed with prejudice. *Thompson v. Norris*, Case No. 5:07-cv-37-SWW (E.D. Ark. 2007). Thus, Petitioner would have been required to obtain authorization from the Eighth Circuit before the Court could entertain this second petition. 28 U.S.C. § 2244(b)(3).

  The traditional habeas remedy is codified in § 2241, but § 2254 was specifically enacted for

---

[1] Although not a fatal error, the Court notes that Petitioner did not comply with Rule 2(d) of the Rules Governing Habeas Cases because he failed to use or substantially follow the correct form.

state prisoners and only allows state prisoners to obtain relief if they are in custody in violation of the Constitution or laws or treaties of the United States. *Peoples v. Schultz*, 806 F. Supp. 2d 174, 178 (D.D.C. 2011). Section 2254 also requires petitioners to have exhausted state remedies and includes highly deferential standards regarding state decisions. The more stringent requirements of § 2254 and the authorization requirement of § 2244 would be rendered meaningless if petitioners could avoid them by merely filing another petition under § 2241,[2] so the Court finds that this is an unauthorized successive petition. Additionally, Petitioner's claims are procedurally defaulted because he failed to properly present them to the state courts.

Although it is unclear, Petitioner also seems to seek relief pursuant to 28 U.S.C. § 1983. To the extent that he does, his claims cannot succeed. This is because plaintiffs cannot make any claim for damages under § 1983 that may imply the invalidity of continued detention until he has first proven "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Given the fact that Petitioner's habeas petition challenges the validity of his detention, his § 1983 claims implying the invalidity of his conviction are premature.[3]

---

[2] Section 2241 is typically only used by federal prisoners in the way that Petitioner has attempted, but his claims would not have been appropriate in that situation either. He attacks the *validity* of his sentence, but § 2241 petitions generally attack the *execution* of a sentence in those scenarios.

[3] Although it has not been held explicitly, there are strong indications that § 1983 claims cannot be included in habeas petitions. *See, e.g.*, *Muhammad v. Close*, 540 U.S. 749, 750-52 (2004) (discussing decisions that have established a divide between § 1983 actions and habeas petitions). *But see Moeller v. Weber*, No. 04-4200, 2008 WL 1957842, at *2 (D.S.D. May 2, 2008) ("The United States Supreme Court has concluded that the difference in remedy between a habeas claim and a Section 1983 claim

Even if Petitioner were able to present his § 1983 claims at this time, he has failed to adequately plead many of them. He has filed a motion requesting to add numerous named and unnamed defendants generally in their individual capacities, official capacities, or both. The petition does not include any allegations against many of the named individuals. It is also unlikely that many of the persons sought to be added can be permissibly joined as parties to Petitioner's habeas petition under Rule 20 of the Federal Rules of Civil Procedure. Accordingly Petitioner's action must be dismissed in its entirety.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be, and they are hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 10th day of October, 2013.

_____
United States Magistrate Judge

---

does not ipso facto preclude their joinder in a single lawsuit.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973); *Parkhurst v. Wyoming*, 641 F.2d 775, 776 (10th Cir. 1981)).